**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANDREW FERRARI, )<br>)<br>Plaintiff, )<br>) C.A. No. _____<br>v. )<br>) JURY TRIAL DEMANDED<br>SOLARCITY D/B/A TESLA )<br>)<br>)<br>Defendant. ) | |

**COMPLAINT**

**INTRODUCTION**

1.      Plaintiff, Ferrari ("Plaintiff" or "Ferrari"), files this action against Defendant SolarCity D/B/A Tesla, ("Defendant" or "SolarCity"), for back pay, front pay, compensatory damages, punitive damages and attorneys' fees for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, the Delaware Persons with Disabilities Employment Protections Act, 19 *Del. C*. § 720, *et seq.,* the Family Medical Leave Act 29 U.S.C. §§ 2611 *et seq,* the Delaware Workers Compensation Act*,* 19 *Del. C*. § 2365 and violations of the Delaware Whistleblowers' Protection Act, 19 *Del. C*. § 1701.

**NATURE OF THE ACTION**

2.      Defendant SolarCity employed Plaintiff for nearly two years.

3.      Defendant engaged in disability discrimination and wrongfully discriminated against Plaintiff by virtue of his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, and the Delaware Persons with Disabilities Employment Protections Act, 19 *Del. C*. § 720, *et seq*.

4. Defendant retaliated against Plaintiff by virtue of him taking protected medical leave, in violation of the Family Medical Leave Act ("FMLA") of 1993, as amended, 29 U.S.C. § 2601 *et seq*.

5. Defendant retaliated against Plaintiff for filing a Workers Compensation claim against Defendant in violation of 19 *Del. C.* § 2365.

6. Defendant violated the Delaware Whistleblower Protection Act 19 *Del C.* § 1701 *et seq*.

## JURISDICTION

7. This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331.

8. This Court has supplemental jurisdiction over all state causes of action pursuant to 28 U.S.C. §1367.

9. Venue is proper in this district pursuant to 29 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

10. Plaintiff is a resident of Kennett Square, Pennsylvania, who at all times relevant to this Complaint was an employee of Defendant SolarCity.

11. Defendant SolarCity was operating at its location at 231 Executive Drive, Newark, Delaware 19702 at all times relevant to this complaint. This location has since been closed.

## ADMINISTRATIVE PROCESS

12. On October 18, 2017, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") alleging disability discrimination and retaliation against Defendant SolarCity.

13. On August 20, 2018, Plaintiff received a "Dismissal and Notice of Rights" from the Equal Employment Opportunity Commission ("EEOC"), attached hereto as *Exhibit A*.

14. Plaintiff has filed this action under the ADA within ninety (90) days after receipt of his Right to Sue Notice from the EEOC.

15. Plaintiff has satisfied all statutory prerequisites for filing this action.

## FACTS

16. Plaintiff began his employment with Defendant on May 25, 2015, in the position of Solar Installer 1.

17. Plaintiff reported to Will Maegerle, Regional Operations Manager at SolarCity and Tyler Bennett, Assistant Regional Operations Manager during his employment with Defendant.

18. Plaintiff was injured on the job in October of 2016. Plaintiff was working on the roof of a customer's home when he herniated several discs in his back and his neck while using a pry bar to work on shingles.

19. This injury caused Plaintiff to remain out of work from October 1, 2016, until February 17, 2017.

20. During this time, Plaintiff went to see Doctor Bradley Bley of Delaware Orthopaedic Specialists on October 5, 2016. Dr. Bley diagnosed Plaintiff with cervical disc disorder with radiculopathy and advised him he was temporarily disabled from work.

21. Plaintiff attended a follow up appointment with Dr. Bley on November 2, 2016 who advised Plaintiff his condition has not improved and would need surgery.

22. On November 15, 2016, Plaintiff was seen by surgeon Doctor Mark Eskander, who scheduled surgery for Plaintiff on January 4, 2017.

23. In December of 2016, Plaintiff took leave in accordance with the Family Medical Leave Act ("FMLA") in order to undergo the recommended surgery.

24. When Plaintiff was out of work, his fellow employees informed him that Mr. Maegerle was trying to have him terminated.

25. Prior to taking FMLA, Plaintiff held the position of Crew Lead. When he returned back to work on February 17, 2017, he was told his position of Crew Lead was filled.

26. As a result of his injury, Plaintiff had trouble lifting, bending, standing, and sitting. Therefore, he requested light duty and was limited to lifting twenty (20) pounds and working eight (8) hour days.

27. Immediately after starting light duty, Mr. Maegerle started harassing my client saying to him "you are worthless," "you should go work in a different department because you are useless," and "you should get a lawn chair and watch these guys work since you're so useless."

28. Additionally, Mr. Bennett said "nothing you're doing is worth your pay rate." His supervisors then cut Mr. Ferrari's hours, even though he was scheduled for off normal business hours maintenance at the end of the week.

29. The harassment continued when Plaintiff was cleared to return to work full time on May 9, 2017. Plaintiff told Mr. Maegerle that he would try his hardest at work but according to his doctor, he needed to have more surgery. Mr. Maegerle responded, "well maybe you'll be able to perform better once you have a two million dollar back."

30. Even though Plaintiff suffered from a disability, he was able to perform the essential functions of the Crew Lead position, with an accommodation.

31. Plaintiff has suffered physical, emotional and economic damage as a result of the aforementioned conduct which exposes Defendant to liability under the ADA and FMLA.

32. In the course of his employment with SolarCity, Plaintiff discovered and reported violations of company policy as well as instances of unethical behavior.

33. It is SolarCity company policy for employees to clock in when starting a job and clock out when finished with a job.

34. It is also SolarCity company policy for SolarCity to obtain an electrical license and/or permit on a property before commencing work.

35. After completing his first job of the day on May 9, 2017, Plaintiff clocked into his second job to determine the status of it.

36. First, Plaintiff realized that Mr. Maegerle was working on this job by himself which is against the company's lone worker policy. Second, Plaintiff saw that Mr. Maegerle had an expired electrician's license for this job. Third, Plaintiff became aware that Mr. Maegerle was paying employees who were not working on the job bonuses in the amount of $300 to $400 each.

37. Plaintiff reported these violations to Mr. Maegerle.

38. Plaintiff was then suspended on May 17, 2017, under the auspice of having an incorrect timesheet due to the fact that he clocked into the above mentioned second job.

39. During this suspension, Plaintiff voiced his concerns regarding the unauthorized work and bonuses to Mr. Maegerle and told him he was going to report it. Plaintiff then reported his concerns to the company ethics hotline.

40. Two days later on May 19, 2017, Plaintiff was terminated for having a forged timesheet.

## **CLAIMS AND DAMAGES**

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

### **COUNT I**
### **Discrimination in Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*. & the Delaware Persons with Disabilities Employment Protections Act, 19 *Del. C.* § 720 *et. seq.***

41. The allegations of Paragraphs 1 through 40 are incorporated by reference as if fully restated herein.

42. Defendant SolarCity employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 12111(3).

43. At all times relevant hereto, Plaintiff was employed by Defendant SolarCity and is an "Employee" as defined by 42 U.S.C. § 12111(4).

44. Plaintiff received a Right to Sue letter from the EEOC on August 20, 2018. Plaintiff has satisfied all statutory prerequisites for filing this action.

45. 42 U.S.C. § 12112 (b)(4) provides "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . [the] discharge of employees . . . and other terms, conditions, and privileges of employment."

46. SolarCity was required to determine Plaintiff's rights when he was injured on the job.

47. They were further required to initiate an informal, interactive process with him "[to] identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3).

48. But instead of working with Plaintiff, they punished him for his disability. When Plaintiff returned back to work on February 17, 2017, his position of Crew Lead was filled, his supervisors cut his hours, and he was subjected to discriminatory comments by his supervisors.

49. Plaintiff's herniated discs caused him to have trouble, lifting, bending, standing, and sitting. Plaintiff was limited to lifting twenty (20) pounds and working eight (8) hours a day.

50. Plaintiff was disabled as defined under the ADA.

51. Plaintiff is a "qualified individual" who could perform the essential functions of a Crew Lead, provided he was granted the accommodation of lifting only up to twenty (20) pounds and working eight (8) hour days.

52. On the matter of Plaintiff's requests for accommodation, those requests as written together with the documentation prepared by his doctor shows he was able to perform the essential functions of his position with an accommodation.

53. Defendant failed to engage in the interactive process, discriminated against Plaintiff because of his disability, and then terminated him.

54. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, as well as punitive damages and attorneys' fees.

### COUNT II
**Hostile Work Environment Based on Disability in Violation of the Americans with Disabilities Act of 1990 42 U.S.C. §12101 *et seq*.**

55. The allegations of Paragraphs one through 54 are incorporated by reference as if fully restated herein.

56. When Plaintiff returned to work from protected leave on February 17, 2017, Plaintiff was subjected to discriminatory statements regarding his disability. Mr. Meagerle stated

to Plaintiff "you are worthless," "you should go work in a different department because you are worthless," "you should get a lawn chair and watch these guys work since you're so useless," and "SolarCity is never going to pay for this fake injury, we'll make sure of it." Mr. Maegerle also stated to Plaintiff "you were never hurt at work, come on, admit it."

57. Mr. Bennett stated to Plaintiff "nothing you're doing is worth your pay rate."

58. When Plaintiff returned to work full time on May 9, 2017, Mr. Maegerle stated to Plaintiff "well maybe you'll be able to perform better once you have a two million dollar back."

59. Mr. Maegerle's and Mr. Bennett's discriminatory statements towards Plaintiff regarding his physical limitations after receiving surgery and going out on protected leave is in direct violation of the Americans with Disabilities Act.

## COUNT III
## Violations of the Family Medical Leave Act,
## 29 U.S.C. § 2601 *et seq.* ("FMLA")

60. The allegations of paragraphs 1 through 59 are fully incorporated by reference as if fully restated herein.

61. Defendant employs fifty or more employees and is an "Employer" as defined by 29 U.S.C. § 2611 (4).

62. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Eligible Employee" as defined by 29 U.S.C. § 2611 (2).

63. "Leave" under the Act shall be granted to a qualified employee for any of the following reasons: …"to care for an employee's spouse, son, daughter, or parent who has a serious health condition; or for a serious health condition that renders employees unable to perform their job." 29 U.S.C. § 2612.

64. Plaintiff's injuries he suffered on the job in October 2016, constitute a "serious health condition" as defined by 29 U.S.C. § 2611(11).

65. Qualified employees are permitted 12 weeks or 480 hours of leave. Further, this leave can be "intermittent" or "continuous." 29 U.S.C. §2612(b). The FMLA states, [e]xamples of intermittent leave would include leave taken on an occasional basis for medical appointments or leave taken several days at a time spread over a period of six months. 29 C.F.R. § 825.202(b)(1).

66. Thus, Plaintiff's actions and requests for leave were in direct accordance with his rights under the FMLA. Under 29 U.S.C. § 2615(a), it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA.

67. In accordance with 29 U.S.C. 2615, employers are legally prohibited from terminating or disciplining employees for excessive absenteeism under the FMLA.

68. Additionally, under FMLA an employee is entitled to be "restored by the employer to the position of employment held by the employee or an equivalent position when the leave commenced upon return from FMLA leave." 29 U.S.C. § 2614(a)(1).

69. However, while out on FMLA, SolarCity filled Plaintiff's position. When Plaintiff returned from leave, SolarCity began to investigate reasons to retaliate against him even though the Act clearly states that employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions; nor can FMLA leave be counted under "no fault" attendance policies.

70. Defendant has at all times herein, continuously and willfully, or with reckless disregard, violated, and continued to willfully, or with reckless disregard, violated the FMLA and applicable regulations.

## COUNT IV
### Violations of the Delaware Workers' Compensation Act

71. The allegations of Paragraphs 1 through 70 are incorporated by reference as if fully restated herein.

72. Under the Delaware Workers Compensation Act 19 *Del. C.* § 2365:

"It shall be unlawful for any employer or the duly authorized agent of any employer to discharge or to retaliate or discriminate in any manner against an employee as to the employee's employment because such employee has claimed or attempted to claim workers' compensation benefits from such employer…"

73. Plaintiff suffered an industrial work accident in October of 2016.

74. Plaintiff properly exercised his rights under the Workers' Compensation Act and formally filed a Workers Compensation claim against Defendant which is protected activity under 19 *Del. C.* § 2365.

75. While Plaintiff's Workers' Compensation claim was pending, Plaintiff provided Defendant with a doctor's note stating he could return to work with restrictions, mainly working light duty with lifting and carrying limited to twenty pounds.

76. When Plaintiff returned to work after surgery, Mr. Maegerle stated to Plaintiff, "SolarCity is never going to pay for this fake injury, we'll make sure of it," and "you're the most expensive photographer in the world."

77. When Plaintiff was cleared to return to work full time on May 9, 2017 and advised Mr. Maegerle his doctor stated he needed to have more surgery, Mr. Maegerle responded, "well maybe you'll be able to perform better once you have a two million dollar back."

78. Thereafter, Plaintiff suffered an adverse employment action when he was suspended on May 17, 2017 and terminated just two days later on May 19, 2017.

79. Plaintiff has suffered substantial damage and is entitled to reinstatement, compensatory damages, as well as for all costs and attorney's fees, or any combination of these remedies this Court deems necessary. Additionally, Defendant shall pay a penalty of not less than $500 and not more than $3,000, as may be determined by the Court. 19 *Del. C.* § 2365.

## COUNT V
### Violations of the Delaware Whistleblower's Act

80. The allegations of Paragraphs 1 through 79 are incorporated by reference as if fully restated herein.

81. Plaintiff engaged in protected activity when he reported violations of SolarCity's lone worker policy, Mr. Meagerele working with an expired electrician's license, and the payment of unauthorized job bonuses to his supervisor Mr. Maegerle as well as to SolarCity's Ethics Hotline.

82. Defendant, through Mr. Maegerle, was aware of the protected activity when Plaintiff reported the violations to Mr. Maegerle and SolarCity's Ethics Hotline on May 17, 2017.

83. Plaintiff suffered an adverse employment action when he was suspended within hours of engaging in protected activity and then terminated two days later on May 19, 2017.

84. There is a casual connection between the whistleblowing activity and the adverse action based upon the temporal proximity.

85. As such, Defendant contravened the DWPA which states, [a]n employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment: Because the employee reports verbally or in writing to the employer or to the employee's supervisor a violation, which

the employee knows or reasonably believes has occurred or is about to occur, unless the employee knows or has reason to know that the report is false…17 *Del C.* §1703(4).

86. Per the DWPA, Plaintiff's reports of performing electrical work without a license, violations of company policy, as well as improper pay practices, were reportable violations under federal and state laws, and therefore, Plaintiff was certainly within his right to report the issue to the appropriate management personnel.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

- A. Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.
- B. Awarding Plaintiff any and all consequential damages, including, but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post judgement interest, equity, liquidated damages, and any or all pecuniary damages.
- C. Awarding Plaintiff all compensation due as a result of Defendant's violations herein.
- D. Awarding Plaintiff an equal and additional amount as liquidated damages.
- E. Awarding Plaintiff costs and reasonable attorney's fees.
- F. Awarding Plaintiff pre and post judgment interest at the legal rate.
- G. Any and all such other relief as the Court deems appropriate under the circumstances.

                                                **ALLEN & ASSOCIATES**
                                                */s/ Michele D. Allen*
                                                Michele D. Allen (#4359)
                                                Caitlyn E. Quinn (#6319)
                                                724 Yorklyn Road, Suite 310
                                                Wilmington, DE 19707
                                                302-234-8600
                                                302-234-8602 (fax)
                                                michele@allenlaborlaw.com
                                                *Attorneys for Plaintiff*

Dated: November 16, 2018